UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

OSCAR DE LA SANCHA-RAMIREZ,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 5:26-cv-01896-PD

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

On April 16, 2026, Oscar De La Sancha-Ramirez ("Petitioner"), who is detained at the Adelanto Processing Center in Adelanto, California, filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition").  Dkt. No. 1.

Petitioner entered the United States in 2001 and has remained in this country since then.  *Id*. ¶ 1.  He is married to a United States citizen and is the father of two United States citizens.  *Id*.  On April 10, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") agents as he was released from custody in San Bernardino after serving jail time for a misdemeanor offense.  *Id*. ¶¶ 1, 2. Petitioner was then transferred to the Adelanto ICE Processing Center.  *Id*.  ICE /DHS issued a Notice to Appear

charging inadmissibility under Immigration and Nationality Act § 212(a)(6)(A)(i) ("present without admission").  *Id.* at 7.[1]

Petitioner contends that (1) 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), governs his detention, and he is therefore entitled to a bond hearing; (2) his continued detention without bond violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment; and (3) Respondents' new policy applying § 1225(b)(2)(A) to noncitizens residing in the interior of the United States violates the Administrative Procedures Act. *Id.* at 4.

On April 23, 2026, Respondents state that Petitioner appears to be subject to the judgment in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), the order enforcing the judgment, and applicable appellate proceedings related to it. Dkt. No. 8.  Respondents maintain that an order requiring a bond hearing for Petitioner should be consistent with bond hearing orders issued by other courts in this District.

In *Maldonado Bautista*, the court concluded that members of the bond eligible class are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2).  The court further found that bond eligible class members are "entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Maldonado Bautista*, Dkt. No. 94.  The analysis in *Maldonado Bautista* applies here, and Petitioner is thus entitled to the procedural protections that 8 U.S.C. § 1226(a) provides, including a bond hearing.

---

[1] The Court uses the page numbers inserted into the pleadings by the Court's electronic filing system.

2

Petitioner is entitled to the same form of relief that is being given to other detainees that Respondents have similarly conceded are subject to the *Maldonado Bautista* judgment.  *See, e.g., Munoz v. Johnson*, No. 2:26-cv-02171-SSS, 2026 WL 905513, at *1 (C.D. Cal. Apr. 1, 2026); *Benites v. Janecka*, No. 5:26-cv-00222-SSS, 2026 WL 579160, at *1 (C.D. Cal. Mar. 2, 2026); *Martinez v. Rios*, No. 5:26-cv-00679-SSS, 2026 WL 576010, at *1 (C.D. Cal. Mar. 2, 2026).  In those cases, the Government has been ordered to bear the burden at a discretionary detention hearing before a neutral immigration judge to prove by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public.

**Order**

For these reasons, the Petition is conditionally granted as to Claim One under *Maldonado Bautista*, and the remaining claims are dismissed without prejudice as moot in light of the relief granted on Claim One.

Within seven days of this order, Respondents are ORDERED to release Petitioner, unless he is provided with the individualized bond hearing under 8 U.S.C. § 1226(a) due to all detainees considered subject to the *Maldonado Bautista* judgment.  To meet that condition as it is being ordered for other eligible detainees under *Maldonado Bautista*, the Government must bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public, and the immigration judge must exercise discretion to make an individualized determination under 8 U.S.C. § 1226(a) whether Petitioner should be detained pending removal proceedings.

The parties must file a joint status report within two business days of compliance with the conditional writ or Petitioner's release.

DATED: April 29, 2026

*Patricia Donahue*
_____

Patricia Donahue
United States Magistrate Judge

3